**Robert (Robb) PITTS, Plaintiff,**
**Goodwyn Cates, Intervenor,**
**v.**
**Jimmy CARTER et al., Defendants.**
**Civ. A. No. C74–1060A.**

United States District Court,
N. D. Georgia,
Atlanta Division.
June 17, 1974.

Bernard Parks, George L. Howell, and Carl T. Horton (Patterson, Parks & Franklin) Atlanta, Ga., for plaintiff.

Charles L. Weltner, Atlanta, Ga., for intervenor.

Arthur K. Bolton, Atty. Gen., Dorothy Y. Kirkley, Asst. Atty. Gen., Atlanta, Ga., for Carter & Fortson.

Robert G. Young, Atlanta, Ga., for Gunby.

John Tye Ferguson, Atlanta, Ga., for Hammond.

Linzey & Shulten not represented.

Before BELL, Circuit Judge, and EDENFIELD and O'KELLEY, District Judges.

PER CURIAM:

This suit was filed by plaintiff Pitts on May 30, 1974. On May 31, 1974, Pitts filed his First Amended Complaint, accompanied by a request to convene a three-judge district court to hear this case. On June 3, 1974, Chief Judge John R. Brown of the Fifth Circuit designated a three-judge court for this

action. An expedited hearing was held on June 11, 1974.

It will first be necessary to set forth some of the legal background to the filing of this suit. Prior to 1973, the local act which provided for the composition and method of election of the Board of Commissioners of Roads and Revenues of the County of Fulton (hereinafter called "the Fulton County Commission" was published as Georgia Laws 1952, p. 2672. This act established a Board of three commissioners to be elected for four-year terms. Candidates for each post ran at-large in the county. Each candidate was required to designate the post to which he sought election and no candidate was allowed to designate more than one post. Until 1970, the candidate who received a plurality of the votes cast for the particular post he sought became the nominee or electee for that post. In 1970, Georgia Code § 34–1513 was enacted. It had the effect of converting the requirement for nomination from a plurality to a majority of the votes cast. Subsequent to this change, the last legislature passed two local acts pertaining to the Fulton County Commission. Ga.Laws 1973, p. 2462; Ga.Laws 1974, p. 2128. The net effect of these statutes was to increase the number of Fulton County Commissioners from three to seven. Commissioners in Districts 1, 2 and 3 were to be elected at large as before. The county was divided into four districts numbered 4 through 7, with one commissioner to be elected from each of the districts. These amendments, however, could not take effect unless they were approved by the United States District Court for the District of Columbia or were submitted to the Attorney General and the Attorney General failed to interpose an objection within sixty days after such submission. Voting Rights Act of 1965, 42 U.S.C. § 1973c. Fulton County chose to submit the new election procedures to the Attorney General. On May 22, 1974, the Attorney General issued his opinion. The opinion stated that neither the increase to seven members nor the four single-member districts were objectionable. The Attorney General did, however, object to the requirement of both numbered posts and majority vote in the three at-large districts. Normally this would have resulted in the 1974 election being conducted under the provisions of the 1952 law. On May 29, 1974, the Board of Elections of Fulton County adopted a resolution providing that the election in Districts 4 through 7 would be conducted as required by the 1973 and 1974 acts and that the election for Districts 1, 2 and 3 would be conducted as required by the 1973 and 1974 acts except that nomination and election would be by plurality rather than majority vote. Plaintiff Pitts in his First Amended Complaint sought a declaratory judgment that the Board of Elections is without legislative authority to promulgate any such new election law. Pitts then attacked the constitutionality of the 1952 law and prayed that this court order the election to be conducted in compliance with any one of several proposals which were set forth and were alleged to avoid the constitutional infirmities of the 1952 law. One of the incumbent commissioners, Goodwyn Cates, then filed a motion to intervene as a party plaintiff. His intervention was allowed at the hearing on June 11, 1974. Intervenor Cates prays that the court (1) declare the 1973 and 1974 acts to be valid and enforceable; (2) declare that the Fulton County Board of Elections is without authority to proceed under their resolution of May 29, 1974; and (3) order that the election be conducted under the provisions of the 1973 and 1974 acts.

■■ In order to dispose of this suit the court must first determine the extent to which these matters are properly before a three-judge court and then rule on those issues. After this has been done the case can be remanded to the originating judge for disposition of any remaining issues. In order to make this determination it is necessary to examine the legal interaction of the general three-

judge district court statute, 28 U.S.C. § 2281 et seq., the substantive requirements and the three-judge district court provisions of the Voting Rights Act of 1965, 42 U.S.C. § 1973c, and recent cases dealing with the constitutionality of multi-member legislative districts, White v. Regester, 412 U.S. 755, 93 S.Ct. 2342, 37 L.Ed.2d 314 (1973). If the constitutionality of an election law of statewide application is attacked a three-judge court is required. Graves v. Barnes, 343 F.Supp. 704 (W.D.Tex. 1972) (three-judge court). If the constitutionality of an election law of only local application is attacked the matter may be decided by a single federal judge. Zimmer v. McKeithen, 485 F.2d 1297 (5th Cir. 1973) (en banc). If the enforceability of an election law is attacked under the Voting Rights Act of 1965 a three-judge court is required even if the law is only of local application. Allen v. State Board of Elections, 393 U.S. 544, 89 S.Ct. 817, 22 L.Ed.2d 1 (1969).

 Contrary to the contention of plaintiff Pitts his original complaint would not have necessitated the convening of a three-judge district court as he was only attacking the constitutionality of the 1952 Local Act. However, once plaintiff Cates had been allowed to intervene it appeared that the court would have to rule on the enforceability of the 1973 and 1974 acts and of the resolution of the Board of Elections. This is a local matter and would not require a three-judge court unless that requirement is found in the Voting Rights Act of 1965. Allen v. State Board of Elections, supra at 560–561. Under the Voting Rights Act jurisdiction to enter "a declaratory judgment that [a] qualification, prerequisite, standard, practice, or procedure does not have the purpose and will not have the effect of denying or abridging the right to vote on account of race or color" is vested exclusively in the United States District Court for the District of Columbia. This is the only standard which can be used to validate a new election proce-dure. Thus to the extent that the parties to this litigation seek to have this court affirm the enforceability of any election law which would take effect after August 6, 1965, they have simply come to the wrong court.

 In a suit in which one of the states is the plaintiff, this is the exclusive judicial procedure available under the Voting Rights Act. Allen v. State Board of Elections, supra at 559. If the plaintiff is a private party, however, this procedure is exclusive only if the plaintiff seeks to have the enforceability of the statute upheld. The Voting Rights Act provides that "neither the Attorney General's failure to object nor a declaratory judgment entered under this section shall bar a subsequent action to enjoin enforcement of such qualification, prerequisite, standard, practice, or procedure." 42 U.S.C. § 1973c (emphasis added). It is clear that this provision extends jurisdiction to the local courts to enjoin the enforcement of a new election law which has not been submitted to the Attorney General nor upheld by the District of Columbia courts but that such an injunction proceeding requires a three-judge court. Allen v. State Board of Elections, supra.

 It appears to the court that the 1973 and 1974 acts have been submitted to the Attorney General and that he has interposed an objection to their enforcement. The defendants in this action are hereby Enjoined from enforcing Georgia Laws 1973, p. 2462, and Georgia Laws 1974, p. 2128.

 Intervenor Cates has sought an injunction forbidding the Board of Elections of Fulton County from enforcing the electoral plan embodied in its resolution of May 29, 1974. This plan has not fulfilled either of the two prerequisites to enforceability under the Voting Rights Act of 1965. That act, therefore, forbids its enforcement. Even if federal law posed no obstacle to this procedure the Board has no authority under Georgia law to promulgate or enforce such an electoral plan.

The Board is hereby Enjoined from enforcing its resolution of May 29, 1974.

To the extent the parties have sought relief in the form of injunctions against the enforcement of election procedures which would take effect after August 6, 1965 that relief has been granted. To the extent the parties seek a judgment affirming the enforcement of any such procedure, neither a three-judge district court in this district nor a one-judge district court of this district has jurisdiction to afford such relief. All matters required to be heard by a three-judge district court under the Voting Rights Act of 1965 have been ruled on.

No issues in this litigation required the convening of a three-judge district court under 28 U.S.C. § 2281 et seq.

■ This order has ruled on all of the prayers of intervenor Cates over which any court of this district has jurisdiction. There remains only the problem of arriving at an affirmative judicial determination of an interim basis on which this local election can actually be conducted. No party has suggested that there is any possibility that the Georgia General Assembly will act in time to resolve this dilemma. Plaintiff Pitts has advanced several proposed methods for conducting the election. One of these proposals is that the court implement the procedure set forth in the Board of Election of Fulton County's resolution of May 29, 1974, which this court has held the Board itself has no authority to implement. While this appears to be both a sensible proposal and one which, as nearly as constitutionally possible, would effectuate the wishes of both the local and state legislative bodies, the decision of this local issue is properly to be made by a single-judge district court rather than by this three-judge district court. Accordingly, this suit is Remanded to the originating judge for entry of an order setting forth an interim basis for conduct of the 1974 election of the Fulton County Board of Commissioners.

So ordered.