Robert (Robb) PITTS, Plaintiff,

Goodwyn Cates, Intervenor,

v.

Jimmy CARTER et al., Defendants.

Civ. A. No. C74-1060A.

United States District Court,
N. D. Georgia,
Atlanta Division.

June 17, 1974.

---

## ORDER AND JUDGMENT

EDENFIELD, District Judge.

A three-judge panel in this case has already held that the 1973–1974 Georgia legislation [1] affecting the election of the Commissioners of Roads and Revenues for Fulton County, Georgia cannot go into effect, it not having been approved by either the Attorney General of the United States or the District Court for the District of Columbia as required by the Voting Rights Act of 1965. There remain in the case the other prayers of plaintiff's petition and the visceral question as to how the 1974 election shall be conducted. This is not a three-judge question since only statutes of local application are under attack.[2]

Normally when a new election statute cannot be implemented because not approved under the 1965 Voting Rights Act, the court has no hesitation in saying the situation would be left as it existed before the attempted legislative change and the prior law would obtain, in this instance the Act of 1952 [3] which provided for a three-man commission.

■ There are at least three reasons, however, why the court deems a resurrection of the '52 statute, which is now under constitutional attack in this case, inappropriate. In the first place, the 1973–1974 legislation, which the three-judge court held might not be implemented, unconditionally repealed the '52 Act and this repeal, it appears to the court, was not negated by the inefficacy of that legislation for want of proper approval. On the contrary, in indicating that he was unable to approve in their entirety the '73–'74 election changes, the Attorney General of the United States expressly did approve the increase of the County Commission from three members to seven and, so far as appears, had no objection to the repeal of the 1952 statute. Second, the 1952 Act is itself highly suspect, since it is subject to the same criticism and contains the same vice which led the Attorney General to withhold his general approval of the 1973/74 changes: that is, as he indicated, his objections were based on the provision for three posts from a multi-member district with the election being held at large and coupled with both a majority vote requirement and numbered posts. Finally, although if the law were otherwise clear this might not control, whatever the Georgia legislature may eventually ordain as a permanent solution, the resurrection of the '52 law, at this time, does not appear to represent the wishes of any party to this litigation.

Of course, the ultimate solution of this problem rests, as it should, with the General Assembly of Georgia. In attempting to express its wishes in the 1973/74 legislation the State General

---

1. Ga.Laws 1973, p. 2462; Ga.Laws 1974, p. 2128.

2. *See* Pitts v. Carter, 380 F.Supp. 4 (N.D.Ga.1974) (three-judge court).

3. Ga.Laws 1952, p. 2672.

Assembly clearly indicated both its intent to repeal the '52 Act and its preference for a seven-member commission, and in attempting to frame a temporary solution for the 1974 election only, the court has concluded that it will, as nearly as constitutionally possible, carry out the wishes of the General Assembly of Georgia which were frustrated by the lack of approval of its most recent legislation.

■ For the 1974 election only, therefore, the court ORDERS and DIRECTS:

That the 1974 election for the office of Commissioners of Roads and Revenues for Fulton County, Georgia be held as follows:

(1) The Fulton County Commission shall consist of seven (7) members, one (1) member to be elected from each of the four single-member districts in Fulton County delineated in the 1973/74 legislation;

(2) The remaining three (3) commissioners shall be elected at large from the entire county, precisely as contemplated in the 1973/74 legislation; except that the candidates for these three (3) positions shall run on a plurality basis rather than by majority vote.

By this temporary solution the court concludes that it thwarts the legislative will of the Georgia General Assembly in the slightest degree possible. The court further concludes that this situation meets the objections of the Attorney General to the '73/74 legislation, his objection appearing to have been to the proposal for three at-large districts when coupled with a majority vote requirement.

The proposed solution also has three collateral but practical factors to recommend it: first, as a practical matter, it assures minority voters of a representation of at least two on the Commission (something they have never had before), since the population of two of the four single-member districts is approximately 90% black; second, it was the solution proposed by the County Election Board when this controversy first arose; and, third, it should not unduly offend any Fulton County voter since the three Commissioners under the old law were originally elected on a plurality basis anyway.

One further comment is deemed appropriate: the general election law of Georgia [4] now requires that all elections in the State be run on a majority vote basis, and invocation of the changes directed by this order thwarts this general law in this single election, for this year only, and for this single county. The election must go on, however, the time for certification of candidates and printing of ballots is at hand, any protracted trial of the issues before the court would inevitably disrupt the electoral process, and the election must proceed on a constitutionally acceptable basis. The court therefore Directs that the majority vote requirement of the general election law of Georgia be suspended for this election and this county only. *See* Graves v. Barnes, 378 F.Supp. 640. (W.D.Tex. 1974).

The court further directs that this entire controversy be again submitted to the General Assembly of Georgia for a final and constitututionally acceptable remedy at the next session of that body.

It is so ordered.

4. Ga.Code Ann. § 34–1513 (1970).